**IN THE UNITED STATES FEDERAL COURT**
**OF NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANNA CHIMANSKI and** | } | |
| **ILONA CHIMANSKI** | } | Case No. <u>**2017-CV-04306**</u> |
| **1464 Chippewa Trail** | } | |
| **Wheeling IL 60090** | } | |
| **on behalf of themselves and all others** | } | |
| **similarly situated passengers of** | } | |
| **proposed Class** | } | |
| **Plaintiffs** | } | |
| | } | |
| **vs.** | } | |
| | } | |
| **FRONTIER AIRLINES** | } | |
| **7001 TOWER ROAD, Denver** | } | |
| **Colorado 80249** | } | |
| **a foreign corporation** | } | |
| **Defendant** | } | **JURY DEMAND ON ALL COUNTS** |

---

## CLASS ACTION COMPLAINT AT LAW
---

**NOW COMES** the above-named Plaintiffs, ANNA CHIMANSKI and ILONA CHIMANSKI, individually and on behalf of all other similarly situated members of proposed Classes of passengers, by their counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices LLC, and as their CLASS ACTION COMPLAINT AT LAW pursuant to the Articles 19 and 22(6) of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 for compensable economic damages pursuant to the Article 19 of said Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq*.), against the above-named defendants, FRONTIER AIRLINES INC, jointly and severally, alleges as follows:

## I. NATURE OF THIS ACTION:

1.      That this civil action arises under the Treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C. § 1502 (1976) or in alternative under Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is the supreme law of this land.[1]

2.      That at all times material hereto the above-named Plaintiffs purchased international airfare transportation form and to Chicago to and from Punta Cana, Dominican Republic.

3.      That the United States and Dominican Republic are signatories to the Montreal Convention.[2]

4.      That by procuring this international airfare from the place of their residence at: their places of residence located within Cook County, Illinois the above-named Plaintiffs entered into binding legal contract with all the above-named defendant for international transportation by air from the place of their domicile at Chicago, Illinois to Punta Cana, Dominican Republic and thereafter back to Chicago, Illinois, USA.

5.      That on December 19, 2016 the above-named Plaintiffs were scheduled to depart from Punta Cana, Dominican Republic to Chicago, Illinois on the board of flight 81 operated by defendant.

---

[1] http://www.state.gov/e/eb/rls/othr/ata/114157.htm
[2] http://legacy.icao.int/icao/en/leb/mtl99.pdf

6.     That at all times material hereto plaintiff's flights were delayed for more than three hours or were canceled.

7.     That at all times material hereto the above-identified flights were delayed on departure from Chicago for approximately 5 hours.

8.     That at all times material hereto for entire duration of five (5) hours the above-named Plaintiffs were confined at departure area of Punta Cana International Airport operated by Frontier Airline without access to food, refreshments and lavatories.

9.     That upon information and believe such delay on departure of defendant's flights at all times material hereto were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

10.     That while being estranged at various airports the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

11.     That at all times material hereto while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing flights operated by the above-named defendant.

12.     That subsequently, more than five  hours later the above-named Plaintiffs arrived to their destination being more than five hours late of their preplanned arrival and subsequently missed entire of their employment.

13.     That consequently the Plaintiffs also lost their wages in the sum to be determined at trial.

14. That the above-identified circumstances of delayed departure of plaintiff's international airfare transportation flights operated by the above-named defendants is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq*.).

15. That as a direct and proximate cause of said delayed departure of international air flight 81 on December 19, 2016 as operated by the above-named defendant, the above-named Plaintiffs incurred similar actual out-of-pocket economic expenses in approximate sum in the sum to be proven at trial.

16. That, at all times material hereto, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of five hours the above-named Plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages, including but not limited to per diem expenses, in the sum to be proven at trial.

17. That as a direct and proximate cause of delayed departure of flights operated by the above-named defendants, the above-named Plaintiffs were needlessly subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem or lodging expenses, physical discomfort, physical exhaustion, financial injury of loss of time and loss of benefit of their bargain; as well physical anxiety, physical frustration, loss of use of money and other legally cognizable economic damages, losses and injuries.

18.     That as a direct and proximate cause of delayed departure of international air flights operated by the above-named defendants, the above-named Plaintiffs were subjected to additional lodging and Per Diem expenses, physical inconvenience, financial injury, physical discomfort, financial injury of loss of time with nexus to loss of use of their monies and benefit of bargain, and was subjected to various compensable economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

19.     That, at all times material hereto, the above-named defendant was recklessly indifferent to travel-related needs of the above-named plaintiffs and to its own voluntarily assumed contractual obligations.

20.     That, upon information and believe, delay of the above-referenced defendant's flight was not caused by extraordinary circumstances, which could not have been avoided in due exercise of due diligence and pertinent legal standard of care owed to the plaintiffs by the above-named defendant.

21.     That, upon information and believe, the above-named defendant did not pursue all meaningful actions required to avoid or mitigate impact of extraordinary circumstances.

22.     That therefore the above-named plaintiffs are now seeking, among other relief, to recover actual, general and special damages in aggregate sum of $12,386.92; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the above-named defendant for delay in international air transportation as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

23.     That, additionally, pursuant to the Article 22(5) of the Montreal Convention, the above-named Plaintiffs are also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by the Article 22(1) of the Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from defendant on the theory of "reckless indifference" of defendant's employees while acting in the scope of their employment and for benefit of their employer.

24.      That in accordance with Article 19 of the Montreal Convention and or Article 21 of the Warsaw Convention, the above-identified defendant is strictly liable for economic damages caused by delayed departure and or cancellation of international air carriage of passengers.

25.     That accordingly the above-named Plaintiffs, on their own behalf and on behalf of all similarly situated members of Class of Passengers of canceled air flight are bringing this class action for compensation of damages caused by delay and or cancellation of international airfare flight.

## II. JURISDICTION AND VENUE:

26.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-25 of preceding section of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

27.      That the court's subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337 and doctrine of pendent jurisdiction.

28.    That, additionally the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45.[3]

29.    That Art. 19 of the Montreal Convention sets forth the private cause of action for money damages caused by delay or cancellation of international airfare transportation against the above-named defendant.[4]

30.    That the United States is signatory to Warsaw Convention of 1929 and Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) *reprinted in* S. Treaty Doc. No. 106-45, since 05-28-1999.[5]

31.    That Dominican Republic is a signatory to the Montreal Convention of 1999.

32.    That this class action also arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, as well as the Class Action Fairness Act, 28 U.S.C. § 1332(d); as well as under the doctrine of pending jurisdiction.

---

[3] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.
[4] See, Article 19 of the Montreal Convention, The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.
[5] http://legacy.icao.int/icao/en/leb/mtl99.pdf

33.     That the court's jurisdiction is also invoked under Article 28 of the Warsaw Convention, as amended by Art 33 of the Montreal Convention, and the doctrine of pendent jurisdiction.

34.     That the matter in controversy, exclusive of interest and costs, far exceeds the sum or value of $1,191,649.92 and is a class action in which some of the members of the Class of plaintiffs, whose number exceeds 100, are citizens of states different from the above-named defendant.

35.     That further, greater than two-thirds of the class members reside in states other than the states in which Defendants are a citizen.

36.     That venue is proper in this Court under 28 U.S.C. § 1391 because all the above and below alleged actions of defendant took place, in whole or in part, within O'Hare International Airport located within this District.

37.     That the above-named defendant FRONTIER AIRLINES INC is doing business and are soliciting airline passengers by selling airfare tickets and are conducting its business of air transportation within the State of Illinois.

38.     That the above-named airline is domiciled at the State of Illinois and / or are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

39.     That the above-named Plaintiffs, on their own behalf and on behalf of all Class Members, are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,609.72 per passenger in aggregated sum to be determined at trail; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the above-named defendant, jointly and severally,

for delay and or cancellation of international air flights in a course of international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

40.  That, upon information and believe, the matter in controversy exceeds $1,191,649.92 exclusive of interest and costs, in that the above-named plaintiff is alleging actual damages in the sum of $6,609.72 per passenger and member of purported Class, as well as compensatory, actual, general, special, incidental and consequential damages in the sum not yet certain but to be ascertained and proven at trial.

41.  That, additionally, pursuant to Article 22(5) of Montreal Convention, the above-named Plaintiffs on their own behalf and on behalf of all other Class Members is also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by Warsaw Convention and or by Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from all the above-named defendants, jointly and severally, on the theory of "reckless indifference" by the above-named defendants to plaintiff's travel-related ordeal allegedly perpetrated by certain employees of the above-named defendants while acting in the scope of their employment and for benefit of their employer.

42.  That additionally this Court has jurisdiction over this class action matter pursuant to 28 U.S.C. § 1337 as well as the Class Action Fairness Act, 28 U.S.C. § 1332 (d), in that:

    (a)  This is a class action involving 100 or more class members; and

    (b)  Plaintiffs, permanent residents of Illinois, are diverse in citizenship to defendant United Airlines, which are incorporated in the State of

Delaware, USA.

43.     This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

(a)     The Class is so numerous that joinder of all members is impractical;

(b)     There are substantial questions of law and fact common to the Class including those set forth in greater particularity below;

(c)     This case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

i.      Questions of law and fact enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

ii.     A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

iii.    The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

iv.     There are no unusual difficulties foreseen in the management of this class action.

44.     That this Court has personal jurisdiction over  the above-named defendant, Frontier Airlines, who is maintaining at least minimum contacts with the State of Illinois through a conduct of air transportation business within State of Illinois and by otherwise availing themselves of Illinois' markets through their air travel operations, offices, logistical services, sales, and marketing efforts.

45.     That as to their individual claims the above-named plaintiffs are seeking, among other relief, to recover their compensable economic damages in aggregate sum exceeding $6,609.72 per passenger;  as well as their incidental and consequential damages (in the sum not yet certain but to be proven at trial) from all the above-named defendants, jointly and severally, for delay in international air

transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

### III.   PARTIES:

46.      That the above-named Plaintiffs are repeating, re-alleging, and adopting  §§ 1-45 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

47.      That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-6 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

48.      That at all times material hereto the above-named Plaintiff, ANNA CHIMANSKI was competent adult, residing at: 1464 Chippewa Trail, Wheeling IL 60090.

49.      That at all times material hereto the above-named Plaintiff, ILLONA CHIMANSKI was competent adult, residing at: 1464 Chippewa Trail, Wheeling IL 60090.

50.      That the above-named Defendant, FRONTIER AIRLINES is believed to be domestic U.S. air transportation carrier with principal place of business at: 7001 TOWER ROAD, Denver, Colorado 80249.

51.      That all the above-named defendants are residents of the countries signatories to the Montreal Convention.[6]

---

[6] "The decision to ratify the Montreal Convention, which introduces a modernized and uniform legal framework governing airline companies' liability in the event of damage caused to passengers, baggage or goods during international journeys, codified by Council Decision 2001/539/EC of 5 April 2001 on the conclusion by the European Community of the Convention for the Unification of Certain Rules for International Carriage by Air" (the Montreal Convention) [Official Journal L 194 of 18.07.2001]; *see* http://europa.eu/legislation_summaries/transport/air_transport/l24255_en.htm

52.     That the above-named defendant is domiciliary of the country –signatory to the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45.

53.     That the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, and pursuant to 28 U.S.C. § 1337.

54.     That the above-named defendant FRONTIER AIRLINES INC is doing business within the jurisdiction of the United States District Court for Northern District of  Illinois.

55.     That the United States is a signatory to the Warsaw Convention of 1929 and the Montreal Convention of 1999.

56.     That Dominican Republic is a signatory to the Warsaw Convention of 1929 and the Montreal Convention of 1999.

57.     That international flights between countries signatories to the Montreal Convention of 1999 are governed by said Convention.

58.     That the matter in controversy exceeds $1,191,649.92  exclusive of interest and costs, in that the above-named plaintiffs are alleging actual damages to the class of passengers of canceled flights operated by the above-named defendant; as well as their similar damages in the sum not yet certain but to be ascertained and proven at trial.

59.     That the above-cited federal treaties provide for the private cause of action against the above-named defendant.

## IV. STATEMENT OF CLAIM AND PLAINTIFF'S FACTUAL ALLEGATIONS AS TO RELEVANT TO INDIVIDUAL AND CLASS ACTION CLAIMS.:

60.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-59 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

61.     That at all times material hereto the above-named Plaintiffs purchased airfare transportation from and to Chicago from and to Punta Cana, Dominican Republic.

62.     That the United States is a signatory to the Montreal Convention.[7]

63.     That the Dominican Republic is a signatory to the Montreal Convention.

64.     That said international flight 81 operated by Frontier Airlines on December 19, 2016 is governed by the Montreal Convention.[8]

65.     That by procuring this international airfare from the place of their residences at Cook County, Illinois the above-named Plaintiffs entered into binding legal contract with all the above-named defendant for international transportation by airfare transportation.

66.     That at all times material hereto the flight 81 operated by Frontier Airlines Inc on December 19, 2016 from Punta Cana to Chicago as operated by the above-named defendant was delayed on departure for more than 5 hours.

67.     That on December 19, 2016 airfare purchased by the above-named plaintiffs were delayed on departure for more than 5 hours.

---

[7] http://legacy.icao.int/icao/en/leb/mtl99.pdf
[8] http://legacy.icao.int/icao/en/leb/mtl99.pdf

68.     That at all times material hereto the above-named Plaintiffs were confined at departure area of Punta Cana International Airport by Frontier Airline with very limited access to food, refreshments and lavatories.

69.     That upon information and believe such delayed departure of flight 81 of December 19, 2016 from Punta Cana to Chicago  were caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

70.     That at all times material hereto the above-named defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations.

71.     That at all times material hereto the above-named defendant did not pursue all reasonable measure to avoid ramifications of the above-identified delays or cancellations which could not have been avoided even if all reasonable measures had been taken.

72.     That while being estranged at Punta Cana International Airport the above-named Plaintiffs were not provided with any care by the above-named defendant.

73.     That while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of their the above-identified departing flights.

74.     That at all times material hereto the above-named Plaintiffs arrived to their international destination of Chicago more than 5 hours late of their preplanned arrival and missed one day of their pre-planned and pre-paid vacation.

75.     That subsequent to delayed departure of flight 81 on December 19, 2016 the Plaintiffs also lost one day of their employment, thereby losing their wages.

76.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

77.     That as a direct and proximate cause of said delayed departure of flight 81 on December 19, 2016, the above-named plaintiffs incurred substantially similar actual out-of-pocket expenses in the sum to be proven at trial.

78.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delayed departure of the above-identified international airfare flight 81 in excess of 5 hours the above-named Plaintiffs incurred similar compensable economic out-of-pocket damages in the sum to be proven at trial.

79.     That as a direct and proximate cause of delayed and or cancelled departures of the above-identified airfare flights, the above-named Plaintiffs were needlessly subjected to similar economic out-of-pocket actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation

expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, physical discomfort, exhaustion, loss of time, loss of use of money and other legally cognizable damages, losses and injuries.

80.     That, at all times material hereto, subsequently upon plaintiff's late arrival to their international destination of Chicago the above-named Plaintiffs submitted to local office of the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of the Montreal Convention.

81.     That due to failure to meaningfully answer pre-suit settlement demand on the part of all the above-named defendants, both the above-named plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of  Montreal Convention.

82**.**     That, upon information and believe, the above-named passengers of the above-referenced delayed departure of international airfare flight 81 on December 19, 2016 submitted to the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

83.     That thereafter the Parties agreed to settle this claim out-of-court but said settlement agreement was breached by insurer of the above-named defendant.

84.     That due to said breach by the above-named defendant and its insurer of pre-suit settlement agreement the above-named plaintiffs are now claiming their attorneys fees and costs related to enforcement of said agreement.

V.     CLASS ACTION ALLEGATIONS:

85.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-84 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

86.     That the above-named Plaintiffs are bringing this action on her own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

87.     That the Plaintiffs are bringing this action as class representatives to recover compensation required to be paid under Art 19 of the Montreal Convention and under pendent theory of breach contract.

88.     That this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

89.     That the Plaintiffs seek certification of the following class:

All persons residing in the United States who meet the following requirements:

(1)  Such person had a confirmed reservation on flight No. 81 operated by Frontier Airlines Inc on December 19, 2016 from Punta Cana to Chicago;

(2) Such person had a confirmed reservation on flight No. 81 operated by Frontier Airlines on December 19, 2016 from PuntaCana, Dominican Republic to Chicago;

(3)  Such flight was delayed on departure for a reason other than extraordinary circumstances;

(4)  Such person was not informed adequately informed by Frontier Airlines of the delay or cancellation less than seven days before the scheduled time of departure and was not offered meaningful re-routing, allowing them to depart no more than one hour before the scheduled time of departure and

to reach their final destination less than two hours after the
scheduled time of arrival;

(5) Such person affected by said delay or cancellation for at least
three hours; and

(6) Such person has not received n advance notice of cancellation
of Frontier Airlines flight No. 81 as scheduled to depart from
Punta Cana to Chicago on December 19, 2016.

(7) Such person has not received n advance notice of cancellation
of Frontier Airlines flight No. 81 as scheduled to depart from
PuntaCana, Dominican Republic to Chicago, Illinois on
December 19, 2016.

90.     That excluded from the above-identified Class are:

(1) Defendant and any entities in which Defendant has a controlling
interest;

(2) Any entities in which Defendant's officers, directors, or employees
are employed and any of the legal representatives, heirs, successors or
assigns of Defendant;

(3) The Judge to whom this case is assigned and any member of
the Judge's immediate family and any other judicial officer
assigned to this case;

(4) All persons or entities that properly execute and timely file a
request for exclusion from the Class;

(5) Any attorneys representing the Plaintiff or the Class; and

(6) All governmental entities.

91.     That the Plaintiff reserves the right to modify or amend the definition of

the Class before the Court determines whether certification is appropriate.

92.     That the Class are numerously comprised of over 100 people and most

likely over ten thousand people who were passengers on flight 81 operated by Frontier

Airlines Inc on December 19, 2016, the joinder of which in one action would be

impracticable.  The exact number or identification of the Class members is presently

unknown.  The identity of the Class members is ascertainable.

93.     That in addition to manifests, databases and rolls maintained by defendant and its agents, the Class members may be located and informed of the pendency of this action by a combination of electronic bulletins, e-mail, direct mail and public notice, or other means.

94.     That the disposition of the claims of the proposed class members through this class action will benefit both the parties and the Court.

95.     That common questions of law and fact predominate over individual issues.

96.     That there is a well-defined community of interest in the questions of law and fact involved affecting members of the Class.

97.     That the questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

a)     Whether FRONTIER AIRLINES is required to pay compensation to the members of both Classes pursuant to art 19 of the Montreal Convention;

b)     Whether FRONTIER AIRLINES is continually engaged in sabotaging of remedies available to members of both Classes in accordance with Art. 19 of the Montreal Convention;

c)     Whether the "extraordinary circumstances" exception only applies in certain circumstances where the airline can prove that the cancellation or delay was caused by (i) political instability, (ii) meteorological conditions incompatible with the operation of the flight concerned, (ii) security risks, (iii) technical or mechanical problems where it was "revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to

aircraft caused by acts of sabotage" or (v) strikes that affect the operation of an operating aircraft;

d)    Whether FRONTIER AIRLINES failed to compensate members of both Classes by breaching pre-suit settlement agreement;

e)    Whether defense of extraordinary circumstances is a valid defense in an action for breach of contract of voluntary undertaking;

f)    Whether FRONTIER AIRLINES failed to compensate the Class Members in the amounts specified in Art. 19 and 22 of Montreal Convention.

98.    That the above-named Plaintiffs are asserting the claims that are typical of the entire Class, having all been entitled to receive financial compensation pursuant to the Art 19 of Montreal Convention and having not received such compensation.

99.    That the above-named Plaintiffs and the Class members have similarly suffered harm arising from defendant's failure to pay compensation as alleged in this Complaint.

100.    That the above-named Plaintiffs are an adequate representatives of the Class because she fit within the class definition and their interests do not conflict with the interests of the members of the Class they seek to represent.

101.    That the above-named Plaintiffs will prosecute this action vigorously for the benefit of the entire Class.

102.    That the above-named Plaintiffs are represented by experienced and able attorneys from law firm, which will serve as class counsel.

103.    That the undersigned Class counsel has litigated several class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of the entire Class.

104.    That the Plaintiffs and class counsel can and will fairly and adequately

protect the interests of all of the members of the Class.

105.     That a class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts.

106.     That due to the size of each individual Class member's claims, it would not be practicable for Class members to individually seek legal redress for the wrongs identified in this Complaint.

107.     That without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses, as United Airlines Inc continues to fail to compensate passengers as required under Art. 19 and 22 of Montreal Convention and or Warsaw Convention.

108.     That further, individual litigation has the potential to result in inconsistent or contradictory judgments.

109.     That a class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## VI. CLASS AND INDIVIDUAL CLAIMS:

### CLASS ACTION AND INDIVIDUAL CLAIM COUNT ONE:
Cause of Action for Damages Caused by Delay or Cancellation of International Airfare
Pursuant to Article 19[9] of the Montreal Convention

---

[9] See, Article 19 of the Montreal Convention, holding that "The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.

As a separate cause of action against the above-named Defendant, FRONTIER AIRLINES INC, the above-named Plaintiffs, ANNA CHIMANSKI and ILLONA CHIMANSKI, on behalf of all other similarly situated members of proposed Class, are alleging as follows:

110.    That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-109 of preceding sections of this entire Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

111.    That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight 81 operated as operated by Frontier Airlines on December 19, 2016, which was delayed on its departure causing the above-named Plaintiffs to incur compensable economic damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,604.72 per class member from the above-named defendant for damages caused by delay or cancellation of international airfare pursuant Art. 19 of Montreal Convention.

112.    That at all times material hereto the above-named Plaintiffs, procured international airfare transportation from the above-named defendant for similar price.

113.    That the United States and Dominican Republic are signatories to the Montreal Convention.[10]

114.    That by procuring this international airfare from the place of their residence at Cook County the above-named Plaintiffs entered into binding legal contract with all the above-named defendant for international transportation by air on December 19, 2016 from the Punta Cana to place of their domicile at Chicago, Illinois.

---

[10] http://legacy.icao.int/icao/en/leb/mtl99.pdf

115.     That true and correct copy of plaintiff's travel –related documents are appended herewith marked as Exhibit A: incorporated by reference and made a part of this entire class action complaint-at-law.

116.     That on December 19, 2016, the above-named Plaintiffs were scheduled to depart from Punta Cana Chicago on Frontier Airlines Flight 81.

117.     That plaintiff's flight was scheduled to depart at 7:30A.M.

118.     That the above-identified flight was delayed on departure from Punta Cana to Chicago for approximately 5 hours.

119.     That for entire duration of 5 hours the above-named Plaintiffs were confined at departure area operated by Frontier Airline with very limited access to food, refreshments and lavatories.

120.     That upon information and believe such delay on departure of defendant's flight No. 81 on December 19, 2016 was caused by negligent maintenance of an aircraft, and was not caused by extraordinary circumstances, which could not have been avoided even if all reasonable measures had been taken.

121.     That while being estranged at Punta Cana International Airport the above-named Plaintiff were not provided with any care by the above-named defendant.

122.     That while being estranged at Punta Cana International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any care for estranged passengers and who were not advising a passengers as to cause, nature, extent, duration of delay of departing flight No. 81.

123.     That subsequently, more than 5 hours later the above-named Plaintiffs arrived to Chicago 6 hours late of their preplanned arrival and subsequently missed entire of their employment.

124.     That consequently the Plaintiffs also lost their wages in the sum to be determined at trial.

125.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flight No. 8544 on October 25, 2014 is actionable pursuant to Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

126.     That as a direct and proximate cause of said delayed departure of international air flight No. 81 as operated by Frontier Airlines on December 19, 2016, the above-named plaintiffs incurred similar actual out-of-pocket expenses in the sum to be proven at trial.

127.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 5 hours the above-named Plaintiffs incurred similar compensable economic damages in the sum to be proven at trial.

128.     That as a direct and proximate cause of delayed departure of flight No 81 on December 19, 2016, the above-named Plaintiffs were needlessly subjected to compensable economic damages, including but not limited to out-of pocket expenses for local food, water, refreshments, international telecommunication expenses,  travel

cancellation expenses, loss of vacation time, loss of wages, per diem and lodging expenses, indifferent treatment, physical inconvenience, physical discomfort, physical exhaustion, loss of time and other legally cognizable damages, losses and injuries.

129.     That under the Article 36 of the Montreal Convention, the above-identified common carrier FRONTIER AIRLINES is liable for damages caused by delay or cancellation of international airfare carriage of passengers.

130.     That as a direct and proximate cause of delayed departure of international air flight No. 81 on December 19, 2016, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, physical inconvenience, financial injury, physical discomfort, loss of time, loss of use of their monies, and was subjected to various compensable economic damages in the sum to be ascertained at trial.

131.     That, upon information and believe, delay of the above-referenced defendant's flight No. 81 was not caused by extraordinary circumstances, which could not have been avoided in due exercise of due diligence or another pertinent legal standard of care by the above-named defendant.

132.     That, upon information and believe, the above-named defendant did not pursue all meaningful actions required to avoid or mitigate impact of extraordinary circumstances.

133.     That at all time material hereto, upon information and believe the defendant's flight No. 81 on December 19, 2016 as operated by Frontier Airlines from Punta Cana to Chicago were canceled due to unavailability of flight crew which is not "extraordinary circumstances."

134.     That in accordance with Article 19 of the Montreal Convention, the above-identified defendant is liable for damages caused by delay and or cancellation of international air carriage of passengers.

135.     That the Contract of International Airfare Carriage and Tariff[11] filed by FRONTIER AIRLINES incorporates liability pursuant o Art 19 of the Montreal Convention under the paragraph 16(B) of "Limitation of Liability", which states in pertinent part that:

> "International Transportation – With respect to international transportation, as defined in the following referenced conventions, as applicable, Frontier's liability will be limited as specified in, as and if applicable,
>
> (i) the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw, October 12, 1929, as amended ("Warsaw Convention"), but subject to the Agreement entered into by Frontier pursuant to 14 C.F.R. Part 203 or
>
> (ii) the Convention for the Unification of Certain Rules for International Carriage by Air, signed at Montreal, May 28, 1999 ("Montreal Convention").

136.     That furthermore pursuant to par 16(B) titled 'Additional Liability Limitations," the above-named defendant voluntarily assumed the above-cited self-imposed contractual liability.

137.     That pursuant to the above-identified self-imposed contractual obligation the above-named defendant is obligated to compensate the above-named Plaintiffs for compensable damages caused by the above-identified delay and cancellation of its scheduled flight 81 from Punta Cana to Chicago on December 19, 2016.

---

[11] www.flyfrontier.com/customer-service/faqs/~/media/Files/docs/CS_COC.ashx

138.     That as a direct and proximate cause of cancellation of the above-identified international airfare on December 19, 2016; as well as failure to notify the Plaintiffs and other members of Class of cancellation of the above-referenced flights, the above-named Plaintiffs and all other Class Members suffered similar out-of-pocket economic damages for purchasing of local food, lodging and Per Diem expenses; as well as similar economic damages and financial injury damages for physical discomfort, physical inconvenience, physical tardiness, loss of time, loss of wages, loss of use of their monies, psychical exhaustion, and were subjected to various similar compensatory economic actual, general, special, incidental and consequential damages in the amount to be ascertained and proven at trial.

139.     That in accordance with Article 19 of the Montreal Convention, the above-identified defendant FRONTIER AIRLINES, is liable for economic damages caused by delay or cancellation of international airfare carriage of passengers.

140.     That, at all times material hereto, the above-named defendant refused to meaningfully compensate the above-named Plaintiff and other members of purported Class.

141.     That, as a direct and proximate cause of said cancellation of performance due under international airfare transportation agreement, as well as failure to effectuate an advance, direct and personal notification of said cancellations, perpetrated by the above-named defendant, the above-named Plaintiff and other Class Members was subjected to similar compensatory economic damages in the form of their airfare purchasing price in the sum to be ascertained at trial, which is, upon information and believe, is similar to all members of this Class.

142.     That, upon information and believe, at all times material hereto, the above-named defendant FRONTIER AIRLINES was duly served with formal Notices of Claims against the above-named defendants in accordance with Article 22(6) of the Montreal Convention for damages caused by cancellation of performance due under terms of international transportation agreement.

143.     That prior to filing of this civil action the above-named parties entered in pre-suit settlement agreement.

144.     That said settlement agreement was breached by the above-named defendant and its insurer.

**WHEREFORE** the above-named Plaintiffs on their own behalf and on behalf of all other Class Members is hereby respectfully requesting an award of the final Order of Judgment against the above-named defendant FRONTIER AIRLINES INC, jointly and severally, in the amount of compensatory economic actual damages in similar sum of $6,897.82 per passenger or in the sum  to be ascertained at trial per passenger of the above-referenced cancelled flights pursuant to par 3(d) of defendant's Contract of International Carriage and Art 19 of the Warsaw Convention and or Articles 19 and 22(2)and (6) of the Montreal Convention; as well as reasonable amount of attorney's fees pursuant to Article 22(6) of Montreal Convention for failure to respond to written pre-suit settlement offer; and or reasonable attorneys fees to be awarded pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332; as well as costs and disbursements of this action; and such other and further relief as the Court may deem just and proper.

**INDIVIDUAL COUNT TWO**:
**<u>Cause of Action for Breach of Contract: Breach of Pre-Suit Settlement Agreement</u>**

As a separate cause of action against the above-named Defendants, FRONTIER AIRLINES INC, jointly and severally, the above-named Plaintiffs, ANNA CHIMANSKI and ILLONA CHIMANSKI  on behalf of all other similarly situated members of proposed Class**,** are alleging as follows:

145.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-144 of preceding sections of this entire Class Action Complaint at Law as set forth fully herein and incorporates them by reference:

146.      That prior to filing of this civil action the above-named Plaintiffs served the above-named defendant with their pre-suit notice of claim pursuant Art. 22(6) of the Montreal Convention.

147.      That, subsequently the plaintiff's counsel was contacted by insurance adjuster Latifa Ali of Alianz Global Insurance.

148.      That, subsequently the parties negotiated settlement agreement to resolve plaintiff's claims.

149.      That, however insurance adjuster Latifah A. Ali, Senior Claims Adjuster Allianz Global Corporate & Specialty negated said agreement and failed to abide by terms of said pre-suit settlement agreement.

150.      That said breach of pre-suit settlement agreement was material breach of essential condition precedent imposed upon the above-named defendant by operation of agreed upon pre-suit settlement.

151.      That, alternatively the above-referenced breach of contractual duty by the above-named defendant to tender its performance due was material breach of essential *ex*

*contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

152.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for pre-suit settlement of plaintiffs claim.

153.     That pursuant to <u>Wolens</u> doctrine, as recently affirmed by Supreme Court decision in <u>Northwest, Inc. v. Binyomin Ginsberg</u> (2014 US __)[12],  the common law cause of action *ex contractu* against the above-named defendant is not preempted by Airline Deregulation Act, (ADA), 49 USC § 41713 (2010)(Public Law No. 95-504).[13]

154.     That pursuant to <u>Narkiewicz-Laine</u> the common law cause of action for breach of contract of voluntary undertaking is not preempted by the Montreal Convention.[14]

**WHEREFORE,** both the above-named Plaintiffs on behalf of all passengers of flight 81 on December 19, 2016 are hereby respectfully requesting  this Honorable Court to award them an amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,604.72 per passenger or in the sum  to be proven at trial due to the above-named plaintiffs from the above-named defendants, jointly and severally; and

---

[12] http://www.supremecourt.gov/opinions/13pdf/12-462_p8k0.pdf
[13] <u>American Airlines, Inc. v. Wolens</u>,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law).
[14] <u>Narkiewicz-Laine v. Scandinavian Airlines Sys.</u>, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008)(holding that "claims may be brought under the Montreal Convention or they may be brought 'in contract or in tort or otherwise' but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention.") (*quoting* Montreal Convention, art. 29); *accord* <u>Cosgrove-Goodman v. UAL Corp.</u>, No. 10 CV 1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010).

additional amounts of economic damages in the sum to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court may deems just and proper.

## VI.  INDIVIDUAL CLAIMS RELEIF

**WHEREFORE,** both the above-named Plaintiffs, individually on their own behalf are hereby respectfully requesting this Honorable Court to award them with final order of judgment in the sum of $6,604.72 per plaintiff passenger against the above-named Defendant, FRONTIER AIRLINES INC, jointly and severally, for all the above-stated causes of action as follows:

A.      The amount of compensatory  economic actual and general damages in the sum of 4694 SDR (Special Drawing Rights) or in the sum of $6,604.72 per individual passenger, or in the sum to be proven at trial; and

B.       The amount of compensatory economic special, incidental, consequential and inconvenience damages or in the sum to be proven at trial; and

C.      Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's failure to respond to written notice of claim and to pre-suit settlement demand; and

D.       Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of attorney's fees costs and disbursements of this action; and

E.  Plaintiffs are also moving this Court for scheduling of evidentiary hearing on the issue of award of attorney's fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

F.  Such other and further relief as the Court may deem just and proper.

### VII.  CLASS ACTION RELEIF:

G.  That the above-named Plaintiffs are repeating, re-alleging, and adopting  §§ 1-154 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

H.  That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure; that the Plaintiffs are proper class representative; and that the best practicable notice of this action be given to members of the Class represented by the Plaintiffs;

I.  That judgment be entered against the above-named defendant FRONTIER AIRLINES and in favor of Plaintiffs and the Class on the Cause of Action in this Complaint, in an amount of compensable economic damages in the sum of $6,604.72 per member of the above-asserted Class; or in the sum to be determined at trial;

J.  That judgment be entered imposing interest on damages, litigation costs, and attorneys' fees against FRONTIER AIRLINES INC; and

K.  For all other and further relief as this Court may deem necessary and appropriate.

PLEASE TAKE NOTICE that the above-named Plaintiffs, on their own behalf and on behalf of all Class Members are hereby respectfully requesting the trial by jury on all counts asserted herein.

PLEASE TAKE FURTHER NOTICE that the undersigned counsel of record as

member of trial bar of the United States District Court for Northern District of Illinois is

hereby designated as lead trial counsel in the above-captioned matter.

Dated this Class Action Complaint at Law on this 5th day of June 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Attorneys for Plaintiffs


BY: *Vladimir M. Gorokhovsky, Esq.*
/S/ VLADIMIR M. GOROKHOVSKY, LL.M.
ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI 53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com



CERTIFICATE OF SERVICE:

I hereby certify that on June 7, 2017, I caused a copy of the foregoing to be electronically
filed with the Clerk of Court using CM/ECF, which will send electronic notification to
the parties and registered attorneys of record that the document has been filed and is
available for viewing and downloading.

BY: *Vladimir Gorokhovsky, Esq.*
_____
/s/ VLADIMIR GOROKHOVSKY