**IN THE UNITED STATES FEDERAL COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANNA CHIMANSKI and ILONA CHIMANSKI | ) | |
| on behalf of themselves and all others | ) | Case No. <u>2017-CV-04306</u> |
| similarly situated passengers of | ) | |
| proposed Class, | ) | |
| | ) | Honorable Amy J. St. Eve |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AT LAW**</u>

NOW COMES defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, answers Plaintiffs' Complaint as follows:

### I.    NATURE OF THIS ACTION

1.    The allegations set forth in Paragraph 1 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 1 is deemed required, Frontier admits that this civil action falls under the jurisdiction of the Montreal Convention for the Unification of Certain Rules Relating to International Transportation by Air, May 28, 1999 (entered into force on Nov. 4, 2003). ("Montreal Convention"), which is Plaintiffs' sole remedy at law for their alleged damages subject to all terms, conditions, limitations, paragraphs, and the subject case law interpreting it.

2.    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint and therefore denies them.

3.    Frontier admits that the United States and the Dominican Republic are signatories to the Montreal Convention.

4.    The allegations set forth in Paragraph 4 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 4 is deemed required, Frontier denies the allegations set forth in Paragraph 4.

5.    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and therefore denies them.

6.    Frontier denies the allegations set forth in Paragraph 6.

7.    Frontier denies the allegations set forth in Paragraph 7.

8.    Frontier denies that the departure area of the Punta Cana Airport was operated by Frontier.    Frontier further denies that the flight was delayed for five hours.    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of Plaintiffs' Complaint and therefore denies them.

9.    Frontier denies the allegations set forth in Paragraph 9.

10.    Frontier denies the allegations set forth in Paragraph 10.

11.    Frontier denies the allegations set forth in Paragraph 11.

12.    Frontier denies the allegations set forth in Paragraph 12.

13.    Frontier denies the allegations set forth in Paragraph 13.

14.    Frontier denies the allegations set forth in Paragraph 14.

15.    Frontier denies the allegations set forth in Paragraph 15.

16.    Frontier denies the allegations set forth in Paragraph 16.

17.    Frontier denies the allegations set forth in Paragraph 17.

18.    Frontier denies the allegations set forth in Paragraph 18.

19.    Frontier denies the allegations set forth in Paragraph 19.

20.     The allegations set forth in Paragraph 20 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed required, Frontier denies that any delay alleged in Paragraph 20 was not caused by extraordinary circumstances. Frontier admits that it took all measures that could reasonably be required to avoid the delay and/or that it was impossible for it to take such measures. Frontier denies the remaining allegations in Paragraph 20.

21.     Frontier denies the allegations set forth in Paragraph 21.

22.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and therefore denies them.

23.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and therefore denies them.

24.     Frontier denies the allegations set forth in Paragraph 24.

25.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and therefore denies them.

## II.     JURISDICTION AND VENUE

26.     Frontier realleges and incorporates its responses to Paragraphs 1 through 25 of Plaintiffs' Complaint as though fully set forth herein.

27.     The allegations set forth in Paragraph 27 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 27 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and therefore denies them.

28.    The allegations set forth in Paragraph 28 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 28 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiffs' Complaint and therefore denies them.

29.    The allegations set forth in Paragraph 29 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 29 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and therefore denies them.

30.    The allegations set forth in Paragraph 30 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 30 is required, Frontier admits that the United States is a signatory to the Warsaw Convention of 1929 and Montreal Convention for the Unification of Certain Rules for International Carriage by Air.

31.    The allegations set forth in Paragraph 31 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 31 is deemed required, Frontier admits that Dominican Republic is a signatory to the Montreal Convention of 1999.

32.    The allegations set forth in Paragraph 32 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 32 is deemed required, Frontier denies the allegations set forth in Paragraph 32.

33.     The allegations set forth in Paragraph 33 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, Frontier admits that the Court has jurisdiction under the Montreal Convention, but denies this Court has jurisdiction under the Warsaw Convention. Further, Frontier denies that the doctrine of supplemental jurisdiction is applicable.

34.     Frontier denies the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiffs' Complaint and therefore denies them.

36.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and therefore denies them.

37.     Frontier admits that it conducts business within the state of Illinois.

38.     Frontier denies it is domiciled in the state of Illinois. Frontier admits it is that it conducts business within the jurisdiction of the United States District Court for the Northern District of Illinois.

39.     Frontier lacks information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiffs' Complaint and therefore denies them.

40.     Frontier denies the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41.     The allegations set forth in Paragraph 41 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 41 is deemed required, Frontier lacks information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiffs' Complaint and therefore denies them.

42.     The allegations set forth in Paragraph 42 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent a response to Paragraph 42 is

deemed required, Frontier denies the allegations set forth in Paragraph 42, including its subparagraphs.

43.     The allegations set forth in Paragraph 43 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent a response to Paragraph 43 is deemed required, Frontier denies the allegations set forth in Paragraph 43, including its subparagraphs.

44.     The allegations set forth in Paragraph 44 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 44 is deemed required, Frontier admits that it conducts business within the state of Illinois and that the Court possesses personal jurisdiction over Frontier. Frontier denies the remaining allegations of Paragraph 44.

45.     The allegations set forth in Paragraph 45 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 45 is deemed required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiffs' Complaint and therefore denies them.

III.     PARTIES

46.     Frontier realleges and incorporates its responses to Paragraphs 1 through 45 of Plaintiffs' Complaint, as though fully set forth therein.

47.     Frontier realleges and incorporates its responses to Plaintiffs' jurisdictional allegations, as though fully set forth herein.

48.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 48 of Plaintiffs' Complaint and therefore denies them.

49.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiffs' Complaint and therefore denies them.

50.     Frontier admits that it is a commercial air carrier with its principal place of business located in Denver, Colorado.

51.     The allegations set forth in Paragraph 51 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 51 is deemed required, Frontier admits that this Court has subject matter jurisdiction related to this action. Frontier denies any remaining allegations in Paragraph 51.

52.     The allegations set forth in Paragraph 52 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 52 is deemed required, Frontier admits that this Court has subject matter jurisdiction related to this action. Frontier denies any remaining allegations in Paragraph 52.

53.     The allegations set forth in Paragraph 53 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 53 is required, Frontier admits that this Court has subject matter jurisdiction related to this action.

54.     The allegations set forth in Paragraph 54 of Plaintiffs' Complaint constitute conclusions of law to which on response is required. To the extent that a response to Paragraph 54 is required, Frontier admits that it conducts business within the jurisdiction of the United States District Court for the Northern District of Illinois.

55.     Frontier admits that the United States is a signatory to the Warsaw Convention of 1929 and the Montreal Convention of 1999.

56.     Frontier admits that Dominican Republic is a signatory to the Warsaw Convention of 1929 and the Montreal Convention of 1999.

57.     Frontier admits the allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

58.     The allegations of Paragraph 58 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 58 is deemed required, Frontier denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59.     The allegations set forth in Paragraph 59 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 59 is deemed required, Frontier denies the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

## IV.     STATEMENT OF CLAIM AND PLAINTIFFS' FACTUAL ALLEGATIONS AS TO RELEVANT TO INDIVIDUAL AND CLASS ACTION CLAIMS

60.     Frontier realleges and incorporates its responses to Paragraphs 1 through 59 of Plaintiffs' Complaint as though fully set forth herein.

61.     Frontier denies the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

62.     Frontier admits the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

63.     Frontier admits the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

64.     Frontier admits the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

65.     The allegations set forth in Paragraph 65 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 65 of Plaintiffs' Complaint is deemed required, Frontier denies the allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

66.     Frontier denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67.     Frontier denies the allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

68.     Frontier denies the allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

69.     Frontier denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

70.     Frontier denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

71.     Frontier denies the allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

72.     Frontier denies the allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

73.     Frontier denies the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

74.     Frontier denies the allegations set forth in Paragraph 74 of Plaintiffs' Complaint.

75.     Frontier denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint.

76.     Frontier denies the allegations set forth in Paragraph 76 of Plaintiffs' Complaint.

77.     Frontier denies the allegations set forth in Paragraph 77 of Plaintiffs' Complaint.

78.     Frontier denies the allegations set forth in Paragraph 78 of Plaintiffs' Complaint.

79.     Frontier denies the allegations set forth in Paragraph 79 of Plaintiffs' Complaint.

80.     Frontier denies the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.

81.     Frontier denies the allegations set forth in Paragraph 81 of Plaintiffs' Complaint.

82.     Frontier denies the allegations set forth in Paragraph 82 of Plaintiffs' Complaint.

83.     The allegations of Paragraph 83 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent a response to Paragraph 83 is deemed required, Frontier denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint.

84.     Frontier denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint.

## V.    CLASS ACTION ALLEGATIONS:

85.     Frontier realleges and incorporates its responses to Paragraphs 1-84 of Plaintiffs' Complaint as though fully set forth herein.

86. Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

87. Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

88. Frontier denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint.

89. Plaintiffs do not make accusations of law or fact in Paragraph 89 requiring a response from Frontier. To the extent that a response to Paragraph 89 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

90. Plaintiffs do not make accusations of law or fact in Paragraph 90 requiring a response from Frontier. To the extent that a response to Paragraph 90 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

91. Plaintiffs do not make accusations of law or fact in Paragraph 91 requiring a response from Frontier. To the extent that a response to Paragraph 91 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

92. Frontier denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint.

93. Frontier denies the allegations set forth in Paragraph 93 of Plaintiffs' Complaint.

94. Frontier denies the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

95. Frontier denies the allegations set forth in Paragraph 95 of Plaintiffs' Complaint.

96. Frontier denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint.

97.     Frontier denies the allegations set forth in Paragraph 97 of Plaintiffs' Complaint, including its subparagraphs.

98.     Frontier denies the allegations set forth in Paragraph 98 of Plaintiffs' Complaint.

99.     Frontier denies the allegations set forth in Paragraph 99 of Plaintiffs' Complaint.

100.    Frontier denies the allegations set forth in Paragraph 100 of Plaintiffs' Complaint.

101.    Frontier denies the allegations set forth in Paragraph 101 of Plaintiffs' Complaint.

102.    Frontier denies the allegations set forth in Paragraph 102 of Plaintiffs' Complaint.

103.    Frontier denies the allegations set forth in Paragraph 103 of Plaintiffs' Complaint.

104.    Frontier denies the allegations set forth in Paragraph 104 of Plaintiffs' Complaint.

105.    Frontier denies the allegations set forth in Paragraph 105 of Plaintiffs' Complaint.

106.    Frontier denies the allegations set forth in Paragraph 106 of Plaintiffs' Complaint.

107.    Frontier denies the allegations set forth in Paragraph 107 of Plaintiffs' Complaint.

108.    Frontier denies the allegations set forth in Paragraph 108 of Plaintiffs' Complaint.

109.    Frontier denies the allegations set forth in Paragraph 109 of Plaintiffs' Complaint.

## VI.     CLASS AND INDIVIDUAL CLAIMS:

### CLASS ACTION AND INDIVIDUAL CLAIM COUNT ONE:

Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention

110.    Frontier realleges and incorporates its responses to Paragraphs 1 through 109 of Plaintiffs' Complaint, as though fully set forth herein.

111.    Frontier denies the allegations set forth in Paragraph 111 of Plaintiffs' Complaint.

112.    Frontier denies the allegations set forth in Paragraph 112 of Plaintiffs' Complaint.

113.    Frontier admits the allegations set forth in Paragraph 113 of Plaintiffs' Complaint.

114. The allegations set forth in Paragraph 114 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent a response to Paragraph 114 is deemed required, Frontier denies the allegations set forth in Paragraph 114.

115. Plaintiffs do not make accusations of law or fact in Paragraph 115 requiring a response from Frontier. To the extent that a response to Paragraph 115 is deemed required, Frontier denies that a cognizable class exists to sustain a class action suit. Frontier further denies that Plaintiffs are entitled to any compensation under any theory of liability.

116. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 116 of Plaintiffs' Complaint and therefore denies them.

117. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 117 of Plaintiffs' Complaint and therefore denies them.

118. Frontier denies the allegations set forth in Paragraph 118 of Plaintiffs' Complaint.

119. Frontier denies the allegations set forth in Paragraph 119 of Plaintiffs' Complaint.

120. Frontier denies the allegations set forth in Paragraph 120 of Plaintiffs' Complaint.

121. Frontier denies the allegations set forth in Paragraph 121 of Plaintiffs' Complaint.

122. Frontier denies the allegations set forth in Paragraph 122 of Plaintiffs' Complaint.

123. Frontier denies the allegations set forth in Paragraph 123 of Plaintiffs' Complaint.

124. Frontier denies the allegations set forth in Paragraph 124 of Plaintiffs' Complaint.

125. Frontier denies the allegations set forth in Paragraph 125 of Plaintiffs' Complaint.

126. Frontier denies the allegations set forth in Paragraph 126 of Plaintiffs' Complaint.

127. Frontier denies the allegations set forth in Paragraph 127 of Plaintiffs' Complaint.

128. Frontier denies the allegations set forth in Paragraph 128 of Plaintiffs' Complaint.

129. Frontier denies the allegations set forth in Paragraph 129 of Plaintiffs' Complaint.

130.    Frontier denies the allegations set forth in Paragraph 130 of Plaintiffs' Complaint.

131.    Frontier denies the allegations set forth in Paragraph 131 of Plaintiffs' Complaint.

132.    Frontier denies the allegations set forth in Paragraph 132 of Plaintiffs' Complaint.

133.    Frontier denies the allegations set forth in Paragraph 133 of Plaintiffs' Complaint.

134.    Frontier denies the allegations set forth in Paragraph 134 of Plaintiffs' Complaint.

135.    Frontier admits that the Montreal Convention is incorporated into its Contract of Carriage. Frontier further admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 135 of Plaintiffs' Complaint.

136.    Frontier admits that the Montreal Convention is incorporated into its Contract of Carriage. Frontier further admits that this case falls under the jurisdiction of the Montreal Convention, which is Plaintiffs' sole remedy at law for their alleged damages subject to all its terms, conditions, limitations, paragraphs, and the case law interpreting it. Frontier denies the remaining allegations set forth in Paragraph 136 of Plaintiffs' Complaint.

137.    The allegations of Paragraph 137 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 137 is deemed required, Frontier denies the allegations set forth in Paragraph 137.

138.    Frontier denies the allegations set forth in Paragraph 138 of Plaintiffs' Complaint.

139.    Frontier denies the allegations set forth in Paragraph 139 of Plaintiffs' Complaint.

140.    Frontier denies the allegations set forth in Paragraph 140 of Plaintiffs' Complaint.

141.    Frontier denies the allegations set forth in Paragraph 141 of Plaintiffs' Complaint.

142.    Frontier denies the allegations set forth in Paragraph 142 of Plaintiffs' Complaint.

143.     Frontier denies the allegations set forth in Paragraph 143 of Plaintiffs' Complaint.

144.     The allegations set forth in Paragraph 144 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 144 is deemed required, Frontier denies the allegations set forth in Paragraph 144 of Plaintiffs' Complaint.

**INDIVIDUAL COUNT TWO**
**Cause of Action for Breach of Contract: Breach of Pre-Suit Settlement Agreement**

145.     Frontier realleges and incorporates its responses to Paragraphs 1 through 144 of Plaintiffs' Complaint, as fully set forth herein.

146.     Frontier denies the allegations of Paragraph 146 of Plaintiffs' Complaint.

147.     Frontier denies the allegations set forth in Paragraph 147 of Plaintiffs' Complaint.

148.     Frontier denies the allegations set forth in Paragraph 148 of Plaintiffs' Complaint.

149.     Frontier denies the allegations set forth in Paragraph 149 of Plaintiffs' Complaint.

150.     Frontier denies the allegations set forth in Paragraph 150 of Plaintiffs' Complaint.

151.     Frontier denies the allegations set forth in Paragraph 151 of Plaintiffs' Complaint.

152.     Frontier denies the allegations set forth in Paragraph 152 of Plaintiffs' Complaint.

153.     The allegations set forth in Paragraph 153 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 153 is deemed required, Frontier denies the allegations set forth in Paragraph 153 of Plaintiffs' Complaint.

154.     The allegations set forth in Paragraph 154 of Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response to Paragraph 154 is deemed required, Frontier denies the allegations set forth in Paragraph 154 of Plaintiffs' Complaint.

## VI.    INDIVIDUAL CLAIMS RELEIF[1] (*Sic*)

A.    Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

B.    Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

C.    Frontier denies that Plaintiffs are due attorney's fees, or any other damages, pursuant to Federal Rule of Civil Procedure 54(d)(2), Article 22(4) of the Hague Protocol, or Article 22(6) of the Montreal Convention as alleged in Paragraph C of Plaintiffs' Complaint.

D.    Frontier denies that Plaintiffs are due attorney's fees, disbursements, or any other damages pursuant to Federal Rule of Civil Procedure 54(d)(2).

E.    Frontier denies that Plaintiffs are due attorney's fees or any other damages.

F.    Frontier denies that Plaintiffs are entitled to any compensation, relief or damages.

## VII.    CLASS ACTION RELEIF[2] (*Sic*)

G.    Frontier realleges and incorporates its responses to Paragraphs 1 through 154 and A-F of Plaintiffs' Complaint as though fully set forth herein.

H.    Frontier denies that Plaintiffs have alleged or proven the existence of a cognizable class required for certifying a class action. Frontier further denies that Plaintiffs are proper class representatives for any perceived, purported or putative class.  In that there is no cognizable class of Plaintiffs, Frontier denies any notice of this action to any perceived, purported or putative class is warranted.

I.    Frontier denies any judgment is warranted against it and prays this case be dismissed on the merits with prejudice denying Plaintiffs' claims for relief.

J.    Frontier denies that Plaintiffs are entitled to any compensation, interest, costs, and/or attorney's fees as alleged in Paragraph J of Plaintiffs' Complaint.

---

[1] Plaintiffs mistakenly identify as VI.
[2] Plaintiffs mistakenly identify as VII.

K. Frontier denies that Plaintiffs are due compensation for any other damages sought as alleged in Paragraph K of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim for which relief can be granted. Specifically, Article 19 of the Montreal Convention cannot provide the basis for class action claims, because liability and damages under Article 19 must be analyzed individually. Further, Plaintiffs' breach of contract claim fails to state a cognizable claim per the terms of Frontier's Contract of Carriage. Additionally, under the terms of Frontier's Contract of Carriage, Frontier cannot be liable for any delay, missed connection or late arrival because Plaintiffs' travel was ultimately completed. Also, any claimed medical expenses, personal injuries and/or non-economic damages for which Plaintiffs are seeking damages are not compensable pursuant to Article 19 of the Montreal Convention.

2. Any and all damages sustained by Plaintiffs, if any, were the result of an intervening and/or superseding cause or a new or unanticipated event which were a proximate and/or producing cause and/or the sole proximate cause of Plaintiffs' alleged damages, and, therefore, no act or omission on the part of Frontier was the proximate cause of the alleged damages. Specifically, poor weather caused the delay of the subject flight.

3. To the extent that any of Plaintiffs' claims may not fall under the purview of the Montreal Convention, they are preempted by the Airline Deregulation Act, which prohibits states from enacting or enforcing a law, regulation or other provision that relates to a "price, route or service of an air carrier. Here, Plaintiffs' claims relate to services provided by Frontier.

4. Upon information and belief, Plaintiffs may have failed to mitigate their damages in one or more of the following ways: (a) by incurring unreasonable, excessive, and unnecessary

expenses during their alleged flight delay; (b) by incurring unreasonable, excessive, and unnecessary out of pocket expenses after their flight delay; (c) by incurring unreasonable, excessive, and unnecessary medical expenses; and (d) by failing to take reasonable steps to limit their out of pocket expenses during their flight or after their flight delay, and/or their medical expenses.

5.    Pursuant to the Montreal Convention, a qualifying passenger has two years to bring a claim against an air carrier. Upon information and belief, other than the named Plaintiffs herein, no other passengers have made a claim against Frontier in connection with the subject flight or flights. Therefore, any purported class members whom Plaintiffs seek to represent in their putative class action claims relating to the subject flight will waive their ability to recover damages, if any, two years from the date of the subject flight.

6.    An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source as a result of the alleged delay. Specifically, Plaintiffs may have received compensation, refunds, reimbursements, credits, vouchers and/or other benefits or accommodations from Frontier, Apple Vacations, the Punta Cana Airport or other third-parties.

7.    Some or all of Plaintiffs' claims may be barred in whole or in part because they may have already been offered full satisfaction and/or compensation for the injuries and damages, if any. Specifically, Frontier has offered Plaintiffs compensation that equals or exceeds any damages they may have sustained.

WHEREFORE, Frontier Airlines, Inc. demands judgment dismissing Plaintiffs' Complaint at Law, together with costs, disbursements and such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Frontier demands trial by jury.

Dated: August 7, 2016

Respectfully submitted,

/s/ Brian T. Maye

Brian T. Maye
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com

Attorneys for Defendant Frontier Airlines, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on August 7, 2016, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye