THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**ANNA CHIMANSKI,** *et., al.,*          Case No. <u>17-CV-4306</u>

        **Plaintiff**

   vs.          HON. AMY J. ST.EVE

**FRONTIER AIRLINES INC**

        **Defendant**

**MEMORANDUM OF LAW AND FACTS IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO RULE 12(f)(c)(2) OF FED. R. CIV. PROCEDURE TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

**NOW COMES** the above-named Plaintiffs, ANNA CHIMANSKI and ILLONA SHIMANSKI, by their counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Office LLC and hereby propounds this Memorandum of Law and Facts in support of Plaintiff's Motion for an Order of Striking Defendant's Affirmative Defenses pursuant to Rue 12(f)(c)(2) of Fed.R.Civ. Pro. on the grounds that said affirmative defenses No. 1 through No. 7 are legally insufficiently plead in violation of controlling legal authority of *Twombly* and *Iqbal* doctrines. [1]

        I.      **NATURE OF THE CASE AND PROCEDURAL HISTORY**:

1.     The matter *sub judice* arises from Plaintiffs' recent international airfare travel on or about December 19, 2016 on the board of Frontier flight 81 from Punta Cana to Chicago.

---

[1] <u>Bell Atlantic Co. v. Twombly</u>, 550 U.S. 544 (2007)(holding that complaints must state claim to relief that is "plausible on its face.") *and* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (holding that " labels and conclusions" are now insufficient, as are "naked assertions devoid of further factual enhancement" and "unadorned the-defendant-unlawfully-harmed-me accusation[s]."

2. That said flight was delayed on departure causing the above-named plaintiff's subsequent late arrival to Chicago and further causing lost of one day of their employment.

3. That on December 19, 2016 defendant's flight from Punta Cana to Chicago was initially delayed on departure for several hours due to negligent maintenance of aircraft.

4. That such delayed departure caused the late arrival of plaintiffs to Chicago and further caused them to miss one day of their employments, thus causing them to incur loss of wages and other compensable economic damages..

5. That, at all times material hereto, the above-named defendants were recklessly indifferent to travel-related needs of the above-named plaintiffs and to its own voluntarily assumed contractual obligations to render care to its estranged passengers.

6. That subsequently the above-named plaintiffs filed this civil action against the above-named defendants for compensation of their economic damages caused by the above-identified delays in international airfare transportations.

7. That on 08-07-17 the above-named defendant filed its Answer to Plaintiff's Class Action Complaint at Law tenuously asserting various affirmative defenses. Dkt 10.

8. The affirmative defenses No. 1 through 7 so plead by the above-named defendant as a part of its answer untimely filed on August 7, 2017 were not supported by any "brief and concise statements of fact" required by Rule 8(b) of Fed.R.Civ. Procedure and as further required by rules of practice promulgated in this U.S. District Court for Northern District of Illinois.

9.       Therefore, this motion is brought by the above-named Plaintiffs in order to obtain an order striking defendant's affirmative defenses as insufficiently plead.

## II. LEGAL STANDARD:

It is well settled in this Court that the Rule 8(b)(1)(A) of Federal Rule of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." [2]  The Rule 8(c)(1) states that a defendant "must affirmatively state any avoidance or affirmative defense," and provides a list of nineteen affirmative defenses.[3]  However, this list of affirmative defenses "is not intended to be exhaustive." [4]  Likewise, "affirmative defenses plead matters extraneous to the plaintiff's *prima facie* case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." [5] The burden of proving an affirmative defense rests with the party asserting it.[6]  Such a defense must be proven by a preponderance of credible evidence. [7]  If proven by a preponderance of the evidence, "[a]n affirmative defense will defeat the plaintiff's claim." [8] Federal courts have consistently held that the failure by a defendant to plead an affirmative defense in their answer generally results in

---

[2] Rule 9(b) provides that certain defenses, fraud, mistake, and condition of the mind, must be plead with particularity. Id.
[3] Those affirmative defenses are "accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." FED.R.C IV.P. 8(c)(1).
[4] 5 CHARLES ALLEN WRIGHT AND ARTHUR R.MILLER,FEDERAL PRACTICE AND PROCEDURE, § 1271 (3d ed. 2011).
[5] *See, e.g*. Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987).
[6] Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981).
[7] Martin v. Weaver, 666 F.2d 1013, 1019 (6th Cir. 1981).
[8] 5 WRIGHT AND MILLER, supra note 17, at § 1270.

waiver and exclusion from the action.[9] Furthermore, Rule 12(f) of the Federal Rules of Civil Procedure permits a party, or the court acting *sua sponte*, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id *at* R.12(f) of Fed. R. Civ. Pro. This provides a mechanism to "'clean up the pleadings, of limitations; and waiver." streamline litigation, and avoid unnecessary forays into immaterial matters.'" FED.R.CIV.P. 8(c)(1).

Applying the above-identified legal standard to the case at bar, this Court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" Delta Consulting Group, Inc. v. R. Randle Const., Inc., 554 F.3d 1133, 1141 (7th Cir. 2009) (*quoting* Fed.R.Civ.P. 12(f)). Motions to strike pursuant to Rule 12(f) are disfavored, *see* Williams v. Jader Fuel Co., 944 F.2d 1388, 1405-1406 (7th Cir. 1991), and often squander judicial resources. Cf. Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 728 (7th Cir. 2006). However, in this case, given its limited dollar value this motion to strike is proper because it serves an important purpose to expedite litigation. Cf, Dkt: 10: Answer and Affirmative Defenses of Frontier Airlines Inc, 8-7-17, Affirmative Defenses, August 7, 2017, par. 1 – 7, pp. 16-17 *with* Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989); *see also* Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if the matter bears no possible relation to controversy). This Court has considerable discretion to strike allegations under Rule 12(f). See, Delta, 554 F.3d at 1141-42. "The party moving to strike has the burden of showing that the challenged

---

[9] See, e.g., FDIC v. Ramirez Rivera, 869 F.2d 624, 626 (1st Cir. 1989); Ingraham v. U.S., 808 F.2d 1075, 1078 (5th Cir. 1987); *Stephenson v. Davenport Community School Dist.*, 110 F.3d 1303, 1305 n. 3 (8th Cir. 1997).

allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." E & J Gallo Winery v. Morand Bros. Beverage Co., 247 F.Supp.2d 979, 982 (N.D. Ill. 2003).

### III. LEGAL ARGUMENT:

**3.1. Affirmative Defenses No. 1 through 7 as Asserted by Frontier Airlines in its Answer field on 08-7-17 Violate *Twombly* and *Iqbal* Pleading Standard and Therefore Shall be Stricken Pursuant to the Rule 12(f)(c)(2) of Fed.R.Civ. Procedure:**

As noted by various commentators,[10] *Twombly* and *Iqbal* have also raised questions regarding how and when courts should apply the new pleading standard. [11] This Court adopted heightened plausibility pleading standard applicable to the pleading of affirmative defenses. Sloan Valve Co. v. Zurn Indus., Inc., ___ F.Supp.2d ___, 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010) (*citation omitted*). Thus, a defendants must "affirmatively state" affirmative defenses in response to a pleading. Id. If proven, an affirmative defense defeats a plaintiff's claim and bars or limits recovery even if the plaintiff also proves his or her claim. Id. Importantly, filed as part of the answer, the pleading of affirmative defenses is similar to a plaintiff's complaint. Id. Indeed, it is the defendant's first opportunity to notify the plaintiff of the defenses he plans to raise against the plaintiff's claim. Id Likewise, pleadings of affirmative defenses must provide notice of the defense and an opportunity for the plaintiff to rebut it. Davis v. Elite Mortgage Servs., 592 F.Supp.2d 1052, 1058 (N.D.Ill. 2009).

Therefore, in this Court affirmative defenses will be stricken if "they are insufficient on the face of the pleadings." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991) (*quoting* Heller Financial v. Midwhey Powder Co., 883 F.2d 1286,

---

[10] http://www.vanderbiltlawreview.org/content/articles/2011/10/Pysno_64_Vand_L_Rev_1633.pdf
[11] http://www.cetllp.com/7EA463/assets/files/News/DCJ_Oct2012_Durney_Michaud.pdf

1294 (7th Cir. 1989)). Nevertheless, "it is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." Davis, 592 F.Supp.2d at 1052 (*citing* Heller, 883 F.2d at 1295). "Courts in this Circuit apply a three-part test to affirmative defenses subject to a motion to strike: '(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge.'" Pavlik v. FDIC, No. 10 C 816, 2010 WL 3937621, at *4 (N.D. Ill. Oct. 5, 2010) (St. Eve, J.) (applying Twombly and Iqbal to affirmative defenses); Sloan Valve Co., 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010)

  Here, in the matter *sub judice* the defendant's affirmative defenses are bare legal conclusions that are insufficient under the notice pleading standard pursuant to Rule 8(a). See, Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F.Supp.2d 897, 904 (N.D. Ill. 2006) ("affirmative defenses must set forth a 'short and plain statement' of the basis for the defense.")

  Importantly, some of the above-identified affirmative defenses as asserted by Frontier Airlines on August 7, 2016 are erroneous as the matter of law. Cf., Dkt: 10: Answer and Affirmative Defenses of Frontier Airlines Inc, 8-7-17, Affirmative Defenses, par. 1-7, pp. 16-17 with State Farm Mutual Automobile Insurance Company v. Riley, (N.D.Ill. 2001), 199 F.R.D. 276 (holding that "it is unacceptable for a party's attorney simply to mouth ADs in formula-like fashion ("laches," "estoppel," "statute of limitations" or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense — which is after all the goal of notice pleading")(also holding that "any such AD will also be stricken, but with leave

often granted to advance a properly fleshed-out AD to the same effect the next time around").

For example, an Affirmative Defense No. 1 states that: "A Plaintiffs fail to state a claim for which relief can be granted. Specifically, Article 19 of the Montreal Convention cannot provide the basis for class action claims, because liability and damages under Article 19 must be analyzed individually. Further, Plaintiffs' breach of contract claim fails to state a cognizable claim per the terms of Frontier's Contract of Carriage. Additionally, under the terms of Frontier's Contract of Carriage, Frontier cannot be liable for any delay, missed connection or late arrival because Plaintiffs' travel was ultimately completed. Also, any claimed medical expenses, personal injuries and/or non-economic damages for which Plaintiffs are seeking damages are not compensable pursuant to Article 19 of the Montreal Convention" Id *at par*. 1, p. 16. Profoundly, the Plaintiffs are entitled to specific facts in support of this defense. Similarly, Affirmative Defense No. 4 fails to plead any facts in support of defendant's assertion of taking all reasonable measures." Id. at par. 1, p. 16. This is critical defense and the above-named Plaintiffs are entitled to fair notice of facts which can be adduced by the defendant in support of this critical affirmative defense. Cf. FDIC, No. 10 C 816, 2010 WL 3937621, at *4 (N.D. Ill. Oct. 5, 2010) (St. Eve, J.) (applying Twombly and Iqbal to affirmative defenses); Sloan Valve Co.., 2010 WL 1780258, at *4 (N.D. Ill. May 6, 2010).

For further example, Affirmative Defense No. 2 does not explain and fails to allege any facts in support of its allegation of "superseding cause or a new or unanticipated event which were a proximate and/or producing cause and/or the sole proximate cause of Plaintiffs' alleged damages." Id. at par. 2, p. 16.

Likewise, Affirmative Defense No. 3 erroneously states that: "To the extent that any of Plaintiffs' claims may not fall under the purview of the Montreal Convention, they may be preempted by the Airline Deregulation Act." Id. at par. 3, p.16. The above-identified assertions are clearly legally erroneous. See, American Airlines, Inc. v. Wolens,115 S.Ct. 817, 513 U.S. 219, 130 L.Ed.2d 715, 63 USLW 4066 (U.S.Ill.,1995)(holding that Airline Deregulation Act did not preempt action against airline based on state contract law); Narkiewicz-Laine v. Scandinavian Airlines Sys., 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008)(holding that "claims may be brought under the Montreal Convention or they may be brought 'in contract or in tort or otherwise' but such claims are subject to an affirmative defense based on the conditions and limits of liability set out in the Montreal Convention.") (*quoting* Montreal Convention, art. 29); *accord* Cosgrove-Goodman v. UAL Corp., No. 10 CV 1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010). The above-identified aversion is clearly erroneous in light of *Wolens* doctrine as was recently explained in as recently affirmed by Supreme Court decision in Northwest, Inc. v. S. Binyomin Ginsberg, 572 U.S. __, 133 S.Ct. 2387, 185 L.Ed.2d 1103, 2014 WL 1301865 (Apr. 2, 2014) (holding that the common law cause of action *ex contractu* is not preempted by Airline Deregulation Act).

Undoubtedly, this defense is legally erroneous. Id. at par. 3, p. 16. See, Wolens,115 S.Ct. at 817, 513 U.S. at 219, 130 L.Ed.2d at 715 (holding that Airline Deregulation Act did not preempt action against airline based on state contract law); Narkiewicz-Laine, 587 F. Supp. 2d at 888 (holding that "claims may be brought under the Montreal Convention or they may be brought 'in contract or in tort or otherwise' but such claims are subject to an affirmative defense based on the conditions and limits of

liability set out in the Montreal Convention.") (*quoting* Montreal Convention, art. 29); *accord* Cosgrove-Goodman., No. 10 CV 1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010). The above-identified aversion is clearly erroneous in light of Wolens doctrine as was recently explained in as recently affirmed by Supreme Court decision in Northwest, Inc. v. S. Binyomin Ginsberg, 572 U.S. __, 133 S.Ct. 2387, 185 L.Ed.2d 1103, 2014 WL 1301865 (Apr. 2, 2014) (holding that the common law cause of action *ex contractu* is not preempted by Airline Deregulation Act).

Importantly, this Court shall notice that the alleged defenses in Affirmative Defenses No. 1 through 7 are merely a recitation of the standard for a motion to dismiss pursuant to Rule 12(b)(6) without any details. See, Dkt: 10: Answer and Affirmative Defenses of Frontier Airlines Inc, 8-7-17, Affirmative Defenses, par. 1-7, pp. 16-17.

Undoubtedly, the Plaintiffs are entitled to fair notice of all facts in support of this affirmative defense, but such notice was not given. Besides being vaguely plead, some affirmative defenses alleged by defendant in its recently filed Answer are clearly immaterial and or legally erroneous. Cf, Dkt: 10: Answer and Affirmative Defenses of Frontier Airlines Inc, 8-7-17, Affirmative Defenses, par. 1-7, pp. 16-17 *with* Davis., 592 F.Supp.2d at 1052.

Moreover, defendant's Affirmative Defenses No. 1 through No. 7 similarly fails because the above-named defendant has failed to provide enough facts to put Plaintiffs on notice as to the basis of its defense. See, Surface Shields, Inc. v. Poly-Tak Protection Sys., Inc.,213 F.R.D. 307, 308 (N.D. Ill. 2003).

*In toto*, defendant's bare legal conclusions as plead in its Answer & Affirmative Defenses No. 1 through 7, filed by Frontier Airlines Inc on or about 8-7-17 are

insufficient under Rule 8(a) because these defense fails to point to the allegations in the Complaint that satisfy the elements of this defense. See, Davis, 592 F.Supp.2d at 1059. Therefore, this Court shall strike the defendant's affirmative defenses No. 1 through 7 with or without prejudice.

## IV. CONCLUSION:

Based on the above-espoused legal analysis and binding legal authority presented the above-named Plaintiffs are in good faith praying for an order striking of Affirmative Defenses No 1 through 7 as insufficiently plead in defendant's Answer & Affirmative Defenses filed by Frontier Airlines on or about 8-7-17; as well as for any other and further relief this Court deems just and fair.

Dated this Motion on this 25th day of August 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICES, L.L.C.
Attorney for Plaintiffs


BY: *Vladimir Gorokhovsky, Esq.*
/s/ VLADIMIR GOROKHOVSKY, LL.M.
ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 N. Hedgewood Ln.,
Mequon, WI 53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on August 28, 2017, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

        BY:  **Vladimir Gorokhovsky, Esq.**

            _____
            /s/ VLADIMIR GOROKHOVSKY