**THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

---

**ANNA CHIMANSKI,** *et., al.,*                                 Case No. <u>17-CV-4306</u>

                    **Plaintiff**

            **vs.**                                                    **HON. AMY J. ST.EVE**

**FRONTIER AIRLINES INC**

            **Defendant**

---

**PLAINTIFF'S MOTION TO COMPEL PRE- SUIT SETTLEMENT
AGREEMENT DATED MAY 4, 2017**

---

      **NOW COMES** the above-named Plaintiffs, **ANNA CHIMANSKI and ILONA
CHIMANSKY,** by and through their counsel of record, Attorney Vladimir Gorokhovsky
of **GOROKHOVSKY LAW OFFICE LLC**, and respectfully moves this Honorable
Court for an Order of Compelling of Pre- Suit Settlement Agreement.

      FURTHER in legal and factual support of this motion the above-named Plaintiff by
her undersigned counsel of record hereby states as follows:

      1.      That prior to filing of this civil action the above-named Plaintiffs served
the above-named defendant with their pre-suit notice of claim pursuant Art. 22(6) of the
Montreal Convention.

      2.      That, subsequently on May 1, 2017 the plaintiff's counsel was contacted
by insurance adjuster Latifa Ali of Alianz Global Insurance.

      3.      That, subsequently the parties negotiated settlement agreement to resolve
plaintiff's claims in exchange of payment of $2000.

4.     That, however thereafter on May 5, 2017 said insurance adjuster Latifah A. Ali, Senior Claims Adjuster Allianz Global Corporate & Specialty negated said agreement and frther failed to tender performance due in accordance with agreed upon terms of said pre-suit settlement agreement.

5.     That said breach of pre-suit settlement agreement by adjuster Latifah A. Ali, Senior Claims Adjuster Allianz Global Corporate & Specialty on May 5, 2017 was material breach of essential condition precedent imposed upon the above-named defendant by operation of agreed upon pre-suit settlement.

6.     That, alternatively the above-referenced breach of contractual duty by the above-named defendant to tender its performance due was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced contractual undertaking.

7.     That on May 5, 2017 and thereafter the above-named defendant was afforded possibility to cure said breach but neglected to do so.

8.     That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for pre-suit settlement of plaintiffs claims.

**WHEREFORE** the above-named Plaintiffs by their undersigned counsel of record is respectfully requesting the following relief:

(1) order to compel pre-suit settlement agreement; or

(2) Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance; or

(3) Award of reasonable attorneys fees pursuant to "settlement inducement

provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's failure to respond to written notice of claim and to pre-suit settlement demand or in alternative for defendant's failure to tender performance due under terms and conditions of pre-suit settlement agreement; and

(4) for any other and further relief deems to be fair and just by this Court.

Dated this 27th day of August 2017.

Respectfully submitted by
GOROKHOVSKY LAW OFFICES, LLC
Attorney for Plaintiff

BY: */s/ Vladimir Gorokhovsky*

Vladimir Gorokhovsky, LL.M.
ILND TR. 10994

**P.O Business Address:**
10919 N. Hedgwood Ln,
Mequon, WI 53092
(414)-581-1582
gorlawoffice@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on August 28th, 2017, he served the foregoing document by electronically filing the same with the Clerk of the U.S. Federal Court for the Northern District of Illinois, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**/s/ Vladimir M. Gorokhovsky, Esq.**